IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| WILBERT JACKSON,<br><br>      Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC and JOHN DOE,<br><br>      Defendant. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, The TJX Companies, Inc., by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1. A civil action has been filed and is now pending in the State Court of Gwinnett County, State of Georgia, designated as Civil Action File No. 20-C-03439-S6.

2. The Summons and Complaint in that action were filed in the State Court of Fulton County on June 9, 2020, and were first received by Defendant Big Lots

Stores, Inc. by service through its registered agent on June 16, 2020. Thus, Big Lots Stores, Inc. timely files this petition of removal.

3. Big Lots Stores, Inc. files herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. [Attached hereto as Exhibits A and B].

4. Defendant is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Ohio and having its principal place of business in Ohio.

5. Plaintiff is a citizen of the State of Georgia.

6. In the lawsuit, Plaintiff also named "John Doe" as a defendant. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. Accordingly, this Court can ignore the "John Doe" defendant for purposes of establishing diversity jurisdiction.

7. Complete diversity exists because Defendant is considered a citizen of Ohio and Plaintiff is a citizen of Georgia.

8. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by

Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the parties and Defendant is not a resident of the State of Georgia, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. Roe v. Michelin North America, Inc., 613 F. 3d. 1058, 1064 (11th Cir. 2010).

Plaintiff alleges he was injured when a umbrella stand fell off a shelf and onto his foot, causing injuries. (Exhibit A, ¶ 7). Plaintiff alleges he sustained at least

$19,000.00 in past medical expenses, and also makes a claim for lost wages and pain and suffering. (Exhibit A, ¶ 9, 15, 16). In his prayer for relief, Plaintiff also seeks general damages and attorney's fees. (Exhibit A, p. 4).

In his pre-suit demand letter, Plaintiff gave additional details about his injuries. (Exhibit C, generally). Plaintiff fractured his foot and was put in a split at the emergency room on the date of the incident. (Exhibit C, p. 2). He was later put in a cast and proscribed a knee scooter. (Exhibit C, p. 2). Plaintiff also claims he dislocated his right shoulder while riding the knee scooter and suffered nerve issues in his right arm and hand as a result. (Exhibit C, p. 2).

Plaintiff's demand sought $1,000,000.00 from defendant to resolve the case. (Exhibit C, pp. 2-3) Defendant states the amount demanded in the letter, coupled with a fracture, dislocated shoulder, and nerve damage, show that at least $75,000.00 is in controversy in this case, despite alleging only $20,000.00 in medical bills in the complaint. Therefore, the $75,000.00 amount in controversy requirement has been met, exclusive of interest and costs.

9. Defendant attaches hereto a copy of the Summons and Complaint in the State Court of Gwinnett County, Georgia. [Exhibits A, B].

10. Defendant attaches hereto a copy of Defendant's Notice of Removal filed in the State Court of Gwinnett County, Georgia. [Exhibit D].

11. This action is currently pending in the State Court of Gwinnett County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

12. All Defendants who have been served consent to this removal.

This 15th day of July, 2020.

                Goodman McGuffey LLP
                Attorneys for Big Lots Stores, Inc.

        By:   /s/*Robert A. Luskin*
              ROBERT A. LUSKIN
              GA State Bar No. 004383
              rluskin@GM-LLP.com
              ROBERT E. NOBLE, III
              GA State Bar No. 261331
              rnoble@GM-LLP.com
              3340 Peachtree Road NE, Suite 2100
              Atlanta, GA 30326-1084
              (404) 264-1500 Phone
              (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| WILBERT JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC and JOHN DOE,<br><br>    Defendant. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this ***Petition for Removal*** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Titus T. Nichols
Nichols Law, P.C.
Suite 1500
400 Galleria Parkway, SE,
Atlanta, Georgia 30339
titus@nlglawyer.com

This 15th day of July, 2020.

/s/*Robert E. Noble, III*
ROBERT E. NOBLE, III
GA State Bar No. 261331
rnoble@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax
2280-0004/Doc ID #6266172